UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFF GERTH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-00593 (RMU) |
| | ) | |
| UNITED STATES DEPARTMENT OF DEFENSE | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

Defendant United States Department of Defense ("DoD"), by and through undersigned counsel, hereby answers plaintiff's Complaint as follows.

1.  This paragraph contains plaintiff's characterization of this action, to which no response is required. To the extent a response is required, defendant admits that this is an action brought pursuant to the Freedom of Information Act ("FOIA").

2.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph, except to admit that the Energy Infrastructure Planning Group ("EIPG") contingency support plan was prepared for the U.S. Department of Defense. The remainder of this paragraph contains plaintiff's characterization of this action, to which no response is required.

3.  This paragraph contains plaintiff's characterizations of this action, to which no response is required.

4.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Defendant admits the allegations in this paragraph.

6. This paragraph contains plaintiff's conclusion of law, to which no response is required.

7. This paragraph contains plaintiff's conclusion of law, to which no response is required.

8. Defendant admits the allegations of the first two sentences of this paragraph. Defendant admits the allegations of the third sentence of this paragraph, except to deny that Paul Swiergosz was a Major General.

9. Defendant is without knowledge or information sufficient to form a belief as to truth of the first sentence of this paragraph. Defendant denies the allegations contained in the second sentence of this paragraph to the extent it characterizes the EIPG contingency support plan as a report and implies that classified content of the document was discussed. Defendant denies the allegations of the third sentence, except to admit that during a telephonic interview with the plaintiff, a Pentagon official and then Major Swiergosz were present on the call.

10. Defendant admits the allegations contained in the first sentence of this paragraph, except to deny to the extent it characterizes the EIPG contingency support plan as a report. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of this paragraph that the company that assisted in the preparation of the contingency support plan is part of the Kellogg Brown & Root ("KBR") division of the Haliburton Company and admits the remainder of the sentence.

11. Defendant admits to the allegations of this paragraph, except to deny to the extent it characterizes the EIPG contingency support plan as a report.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph, except to admit that Mr. Carroll was an advisor to the EIPG.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph. The second sentence of this paragraph contains plaintiff's characterization of an article, purportedly published in *The New York Times* on October 5, 2003, to which no response is required but, insofar as an answer may be required, the allegations are denied and the Court is respectfully referred to the cited article for a complete and accurate statement of its contents.

14. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph.

15. Defendant admits that plaintiff submitted a FOIA request on October 3, 2003. The remainder of the allegations in this sentence contains plaintiff's characterization of his FOIA request, to which no response is required but, insofar as an answer may be required, the allegations are denied and the Court is respectfully referred to the cited request, attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents.

16. Defendant admits plaintiff's October 3, 2003 FOIA request was denied. The remainder of the allegations in this paragraph contains plaintiff's characterization of DoD's denial, to which no response is required but, insofar as an answer may be required, the allegations are denied and the Court is respectfully referred to the cited letter, attached to the Complaint as Exhibit C, for a complete and accurate statement of its contents.

17. The first sentence of this paragraph contains plaintiff's characterization of 5 U.S.C. § 552(b) to which no response is required but, insofar as an answer may be deemed

required, the allegations are denied and the Court is respectfully referred to the cited statute for a complete and accurate statement of its contents.  Defendant denies the allegations contained in the second sentence of this paragraph, except to admit that defendant has not released the contingency support plan, pursuant to the parameters of FOIA.

18. Defendant admits the allegations contained in this paragraph.

19. Defendant admits that plaintiff's appeal of the denial of his October 3, 2003 FOIA request was granted expedited processing.  The remainder of the allegations in this sentence contains plaintiff's characterization of defendant's interim appeal response letter, dated December 17, 2004, to which no response is required but, insofar as an answer may be required, the allegations are denied and the Court is respectfully referred to the cited request, attached to the Complaint as Exhibit E, for a complete and accurate statement of its contents.

20. Defendant denies the allegations contained in this paragraph, except to admit that plaintiff's appeal is currently pending.

21. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation contained in the first sentence of this paragraph, except to admit that two officers have been assigned to secure the proper reviews and approvals for release of sections from the plan.  Defendant admits the allegations contained in the second sentence of this paragraph.

22. The phrase "extended silence" is not susceptible of a reasoned construction and the clause containing that phrase is therefore denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegation contained in this paragraph.  The second sentence of this paragraph contains plaintiff's characterization of a letter, dated February 22, 2008, to which no response is required but, insofar as an answer may be

4

deemed required, the allegations are denied and the Court is respectfully referred to the cited letter for a complete and accurate statement of its contents.  Defendant admits the allegations contained in the third sentence of this paragraph.

      23.    Defendant admits the allegations contained in this paragraph.

      24.    Defendant admits the allegation contained in this paragraph.

## COUNT I

      25.    Defendant hereby repeats and incorporates by reference its responses to the preceding paragraphs.

      26.    Defendant denies the allegations contained in this paragraph.

## COUNT II

      27.    Defendant hereby repeats and incorporates by reference its responses to the preceding paragraphs.

      28.    Defendant denies the allegations contained in this paragraph.

The remaining allegations contained in the Complaint constitute a prayer for relief, to which no response is required.  If a response were required, the allegations are denied. Defendant further denies that plaintiff is entitled to any relief demanded in the Complaint or to any relief whatsoever.

Defendant denies all allegations contained in the Complaint that it has not specifically admitted.

Dated:  May 15, 2008                          Respectfully submitted,

                                            JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Assistant Branch Director

  /s/ Isaac R. Campbell
ISAAC R. CAMPBELL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm. 6130
Washington, D.C.  20530
Telephone: (202) 616-8476
Facsimile: (202) 616-8460
E-mail: isaac.campbell@usdoj.gov